IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA  DIVISION

|  |  |  |
|---|---|---|
| ANTONIO JACKSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | 7:02-CV-97(RLH) |
| | : | |
| Sheriff ASHLEY PAULK, Sgt. McWATERS, | : | |
| and Lt. TROY, | : | |
| | : | |
| Defendants. | : | |

O R D E R

This is a § 1983 civil rights action brought by a former pre-trial detainee at the Lowndes County Jail in Valdosta, Georgia.  Defendants McWaters and Troy evidently are or were employed at the jail and defendant Paulk is the Sheriff of Lowndes County, Georgia..  The parties hereto have consented pursuant to 28 U.S.C. 636(c)(1) and (2) for the undersigned full-time United States Magistrate Judge to conduct any and all proceedings in connection with this action, including but not limited to, the trial of said case and the ordering of the entry of judgment herein.

Plaintiff's complaints are essentially the defendant Sgt. McWaters would not or did not give him a sandwich for lunch on July17, 2002, when he gave all of the other inmates in his section of the jail a sandwich.  When plaintiff requested a grievance form from defendant McWaters in order to grieve the sandwich incident the defendant would not give him one.  Plaintiff then evidently asked defendant McWaters about speaking to McWaters' superior officers whereupon the defendant put plaintiff in a very old and hot cell with no ventilation or water for well over twenty four hours.  Allegedly this cell was filthy and had what the plaintiff believed to be human blood dried on the wall.  Defendant Lieutenant Troy evidently saw what McWaters was doing to

plaintiff and did nothing to intervene or stop him.  Plaintiff also alleges that his family contacted defendant Sheriff Paulk relative to his confinement in the unfit cell.  He alleges that he was then moved into another segregation cell.  Finally, plaintiff alleges that he wrote a letter to defendant Paulk which resulted to his being transferred to the Colquitt County Jail making it more difficult for his family to visit him.[1]

Presently pending is a motion to dismiss filed on behalf of all defendants. Plaintiff was given notice of the filing of the motion and of his opportunity to respond in opposition thereto. That notice clearly informed plaintiff that his failure to respond to the motion might result in the granting of the motion.  That notice was mailed to the plaintiff at his last known address.  On or about August 17, 2005, the envelope containing the notice to the plaintiff was returned to the Office of the Clerk of Court bearing the markings "RTS Not Here" and "Paroled."  Plaintiff has not seen fit to apprise the court or defense counsel of his current address.  In the order of this court dated March 24, 2003, which directed service upon the defendants, plaintiff was given the following instructions relative to his address.  "It is further ordered that during the pendency of this action, each party shall at all times keep the Clerk of the court and all opposing attorneys and/or parties advised of his current address.  Failure to promptly advise the clerk of any change of address may result in the dismissal of a parties pleadings."  Thus it would appear that plaintiff's complaint is subject to dismissal both for his failure to respond in opposition to the defendants' motion and for his failure to provide a current address.

Although the complaint is answered generally on behalf of all named defendants,

---

[1]Although not contiguous Lowndes and Colquitt Counties are separated by only one county.

insufficiency of service of process was raised as a defense.  In the motion filed on behalf of the

defendants it is pointed out that defendant McWaters has never been served with process and

therefore he should be dismissed pursuant to Federal Rule of Civil Procedure 4.  This statement is

unopposed by plaintiff.  Federal Rule of Civil Procedure 4(m) provides in pertinent part:

> If service of the summons and complaint is not made upon a
> defendant within 120 days after, the filing of the complaint, the court,
> upon motion or on its own initiative after notice to the plaintiff, shall
> dismiss the action without prejudice as to that defendant or direct that
> service be effected within a specified time; provided that if the
> plaintiff shows good cause for the failure, the court shall extend the
> time for service for an appropriate period.  (Emphasis added).

Plaintiff signed his complaint on September 9, 2002, and it was filed with the Clerk of Court on

September 16, 2002.  Service was not ordered upon the defendants however until March 24, 2003.

Far more than 120 days have elapsed since the entry of the order of service.  Plaintiff has failed to

oppose the defendants' motion and has further failed to show any cause for the failure to perfect

service.  Accordingly, the defendants' motion to dismiss the complaint as to defendant McWaters

is **GRANTED.**

Plaintiff alleges he  was denied lunch on only one occasion.  If this happened it should not

have.  However, plaintiff evidently received two other meals that day.  Under these circumstances

assuming that plaintiff was denied lunch on the one occasion this simply does not rise to the level

of a constitutional violation.

Plaintiff next complains that he requested but was denied a grievance form for his use in

grieving the denial of his sandwich as set out above.  However, there is no constitutional right to a

grievance system.  Wildberger v. Bracknell, 869 F.2d 1467, 1478078 (11th Cir. 1989) (accepting

without comment the magistrate judge's conclusion that a "violation of the grievance procedure

3

did not rise to the level of a constitutional violation, since there was no entitlement to a grievance procedure under the federal constitution.")

The court views plaintiff's complaint against defendant Troy as being one of failure to intervene as defendant McWaters placed plaintiff into the hot and dirty cell for a period in excess of twenty for hours with no mattress and no drinking water.  Although not raised by the defendants the court here finds that the plaintiff's claim against defendant Troy is barred by the "physical injury" clause of the Prison Litigation Reform Act ("PLRA").  That the PLRA was enacted by Congress to stem and control the number of frivolous and specious lawsuits brought by prisoners with nothing better to do than harass their custodians and clog the dockets of the federal trial courts cannot be doubted.  42 U.S.C. § 1997e(e) is part of the PLRA and provides that:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.  (Emphasis Added)

In this case the plaintiff has not alleged any physical injury sustained by the actions of defendant McWaters.  Inasmuch as the physical injury requirement of the PLRA would bar recovery by the plaintiff for the actions of defendant McWaters, it follows that it would also preclude a recovery against defendant Troy for his alleged failure to intervene.  Accordingly the motion to dismiss the complaint as to defendant Troy is **GRANTED.**

As near as the court can determine, plaintiff's only complaint against defendant Paulk is that he had the plaintiff transferred from the Lowndes County Jail to the Colquitt County Jail thereby making it a bit more inconvenient or difficult for plaintiff to be visited by his family.  This allegedly occurred because the plaintiff wrote to the defendant apparently complaining about

being in isolation.  However, a person being detained by the government for a violation of its criminal laws does not have a constitutional right to detained in the institution of his choosing. Meachum v. Fano, 427 U.S. 215, 234-25 (1976).  It appearing to the court that this is the only allegation made against defendant Paulk, the defendants' motion to dismiss the complaint as to him is likewise **GRANTED.**

SO ORDERED, this 7th  day of September 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

5